HELEN M. BENTLEY, Appellant, v. JOHN H. VETTE, Respondent.

St. Louis Court of Appeals, February 26, 1895.

1. **Instructions, Consistency of.** The instructions given in this cause are consideres, and *held* not to be inconsistent.

2. ———: ASSUMPTION OF CONCEDED FACTS. An instruction is not erroneous because it assumes a conceded fact.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*C. M. Napton* and *George B. Webster* for appellant.

*T. J. Rowe* for respondent.

BIGGS, J.—This is an action for the conversion of a lot of household goods. The verdict and judgment were for the defendant. The plaintiff has appealed, and complains in this court that the defendant's instructions are erroneous and inconsistent.

Before discussing the assignments of error, a brief statement of the facts is necessary. In April, 1890, the plaintiff borrowed from the defendant $150, for which she executed her note for $163. To secure this note a chattel mortgage was given on her household furniture. Under the exactions of the defendant she paid interest in advance on this loan at the rate of $4.50 per month, or at the rate of about 35 per cent. per annum. The interest was paid for eleven months.

About a year prior to the making of the above loan, the plaintiff borrowed of the defendant $150, for

which she also gave her note for $163, which was secured by a pledge of her jewelry. On this debt the plaintiff paid interest to March, 1891, at the rate of $7.50 per month, or at the rate of 60 per cent. per annum.

About the first of March, 1891, the plaintiff determined to rid herself of the indebtedness, as she could carry the load no longer. She apprised the defendant of her intention, and asked his consent to the sale of the goods which were covered by his mortgage. She had other goods which she also proposed to sell in order to pay her indebtedness. The defendant consented to the arrangement, and he employed Selkirk, an auctioneer, to sell the goods. The plaintiff, in her examination in chief, stated that she suggested the name of Selkirk, and in her cross-examination the statement is made that *the defendant* suggested him. It was supposed by plaintiff and defendant that the goods would bring enough to pay both debts, and they were to be sold for that purpose.

Selkirk was employed, and the bulk of the property was sold at public auction. Some articles were not sold. These were carried away by Selkirk and placed in his warehouse. The plaintiff's evidence is that the sale was rushed through by Selkirk and no chance given to bidders, and that for this reason the articles taken away by Selkirk were not sold, and those that were sold were sacrificed. The plaintiff testifies that she subsequently saw some of the unsold articles in Vette's possession; that she demanded possession of them, and that he refused to give them up.

The evidence for the defendant is to the effect that the articles were not sold for want of bidders; that the sale was fairly conducted; that the proceeds amounted to only $82, and that the unsold goods were taken possession of by defendant at the request of the plaintiff

for the purpose of securing the balance of her debt. The chattel mortgage was read in evidence, but is not copied into the record.

The defendant's instructions are as follows:

"1. The court instructs the jury that, if they believe from the evidence that all the goods and chattels which plaintiff delivered to defendant A. A. Selkirk on March 5, 1891, to sell for the joint account of herself and defendant Vette were sold by said Selkirk at auction on March 5, 1891, except one folding bed, one bedstead, one sewing machine, one picture, one rocking chair, one sideboard, and one mattress, and that all of said last described property was delivered to said defendant Vette at the instance and request of plaintiff, and that plaintiff requested said Vette to hold said property until such time as she would pay the balance due him; and if the plaintiff did not pay said Vette the sum of $150, and there was a balance due him after the sale made by defendant Selkirk on March 5, 1891, which said balance had not been paid prior to the institution of this suit on November 4, 1891, then the plaintiff can not recover herein, and your verdict should be in favor of defendant.

"2. The court instructs the jury that, if they believe from the evidence that the property which defendant Selkirk delivered to defendant Vette after the sale of March 5, 1891, is the same property described in chattel mortgage, dated April 23, 1890, and that the proceeds of said sale of March 5, 1891, were not sufficient to pay the costs and expenses of said sale and the sum of $150 to defendant Vette, then the defendant Vette had a right to take the possession of said property and retain same until said sum of $150 was paid, and such taking by defendant Vette was not illegal, and plaintiff can not recover on the first count in her petition for such taking of said property, unless you further

find that such property was so taken by the defendant without the consent or permission of plaintiff and against her will.

"3. The court instructs the jury that, if you believe that A. A. Selkirk was the agent of plaintiff Helen M. Bentley, for the purpose of selling the furniture described in petition, that the defendant is not responsible for the action of said Selkirk in selling said furniture.

"4. The court instructs the jury that plaintiff Helen M. Bentley can not recover back in this action any interest which she may have paid to defendant Vette on account of said note of April 23, 1890, and read in evidence; and that plaintiff is not entitled to credit on note and chattel mortgage for any interest paid on account of said note.

"5. The court instructs the jury that plaintiff is not entitled to credit on note of April 23, 1890, and mortgage of same date, for any interest or any money which she may have paid defendant Vette on account of money borrowed from defendant Vette on her diamonds.

"6. The court instructs the jury that plaintiff can not recover any damage in this action by reason of the manner in which Alexander Selkirk conducted the sale of furniture in house number 2609 Lucas avenue, St. Louis, Missouri, on March 5, 1891."

It is urged that the first, third and sixth, of the foregoing instructions are inconsistent, in that the first assumes that Selkirk was the agent of both, which was a controverted fact; that the third submits to the jury the question of his sole agency, and that the sixth takes both questions from the jury.

There is no merit in these objections. The first instruction assumes nothing that is not admitted. The plaintiff testified that all goods delivered by her to

Selkirk were to be sold on the joint account of herself and Vette, and to that extent Selkirk was the agent of both, according to her admission, and to that extent only does the instruction go. The third instruction was useless, and, if anything, prejudicial to the defendant. The sixth instruction pertained to the measure of damages, and was proper. The manner of conducting the sale, and whether the goods were sacrificed by reason of a conspiracy between Selkirk and Vette, as the plaintiff attempted to show, were immaterial facts, and entirely foreign to the issues in the case. The simple question for the jury was, whether Vette received into his possession the goods of the plaintiff, and did he unlawfully convert them to his own use.

It is also insisted that the first instruction is erroneous, in that it assumes that there was $150 due from plaintiff to defendant at the time of the sale. This is in accordance with the plaintiff's testimony. She admitted that she received $150 from defendant, and that she had paid no part of the principal. She expressly stated that the payments made by her were on account of interest.

What we have said answers all other objections. With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.